UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03879-SEB-MJD |
| | ) | |
| MULTANI PRITHIPAL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on a *Motion to Strike Insufficient Defenses*, filed by Plaintiff, United States.  [Dkt. 14.]  Plaintiff asserted Defendant's four affirmative defenses were "insufficient" and asked the Court to strike the defenses.  [Dkt. 16.]  Defendant disagreed, arguing that Plaintiff has not met the legal standard for a motion to strike because (1) the affirmative defenses alleged are related to the controversy and (2) the United States has not alleged prejudice.  On April 11, 2019, District Court Judge Sarah Evans Barker designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [Dkt. 15.]  For the reasons set forth below, the Magistrate Judge recommends Plaintiff's *Motion to Strike* be **DENIED**.

**I. Background**

This is an action to revoke naturalized citizenship under 8 U.S.C. § 1451(a).  Plaintiff filed a *Complaint* on December 10, 2018.  [Dkt. 1.]  Defendant filed his *Answer* on March 8, 2019, asserting four affirmative defenses.  [Dkt. 6.]  Plaintiff now challenges the sufficiency of

1

Defendant's affirmative defenses with this motion to strike. Defendant filed a *Response to USA's Motion to Strike* on April 12, 2019. [Dkt. 16.] Plaintiff did not reply to Defendant's response.

## II. Legal Standard

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions asserted under Rule 12(f) are ordinarily not granted unless the language in the pleading at issue has no possible relation to the controversy and is clearly prejudicial." *Olayan v. Holder*, 833 F. Supp. 2d 1052, 1058 (S.D. Ind. 2011) (internal citation omitted). Additionally, "a motion to strike is not a favored motion, as it proposes a drastic remedy." *United States v. Walerko Tool & Eng'g Corp.*, 784 F. Supp. 1385, 1387 (N.D. Ind. 1992). A court may strike defenses that are "insufficient on the face of the pleadings," that fail "as a matter of law," or that are "legally insufficient." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). District courts have considerable discretion in ruling on motions to strike. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

## III. Discussion

Plaintiff argued that Defendant's affirmative defenses should be stricken based on the validity and the merits of the defenses. However, Plaintiff disregarded the legal standard set out in its own motion that a motion to strike is appropriate when (1) "the language in the pleading at issue has no possible relation to the controversy" and (2) is "clearly prejudicial." *Olayan*, 833 F. Supp. 2d at 1058 (internal citation omitted).

First, all four affirmative defenses alleged by the Defendant relate to the controversy at issue. Defendant alleged four affirmative defenses: (1) the claims in the *Complaint* should be

"precluded under the doctrines of estoppel and laches", (2) the alleged false statements were not made knowingly or with intent of deceit in order to obtain an immigration benefit or naturalization, (3) "Defendant provided no testimony of any kind to any government authority during the five-year period before his application for naturalization", and (4) "[e]ven with full knowledge of the alleged false statements made by Defendant, both Lawful Permanent Resident Status and Naturalization would have been granted." [Dkt. 6. at 23.] The Court finds that each of the alleged affirmative defenses go to the heart of the controversy and relate to the issue of proving eligibility for citizenship. As a result, Plaintiff failed to meet the first element necessary to strike a defense.

Second, Plaintiff did not discuss or demonstrate that the government will be prejudiced if Defendant's affirmative defenses stood. Mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial. *See Talbot v. Robert Matthews Distrib. Co*., 961 F.2d 654, 664 (7th Cir. 1992). Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *See Hoffman–Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998). Importantly, Defendant addressed the issue of the government failing to allege prejudice in Defendant's *Response to Plaintiff's Motion to Strike*, but Plaintiff failed to reply. Further, as Plaintiff articulated and as is established in *Walerko Tool & Eng'g Corp.*, a motion to strike is a "drastic remedy." 784 F. Supp. at 1387. Consequently, Plaintiff did not demonstrate prejudice.

Therefore, both essential elements to strike a defense are missing in this case. Defendant's alleged affirmative defenses relate to the controversy and the defenses will not prejudice Plaintiff. The Court is not addressing the validity of the alleged affirmative defenses or

whether the affirmative defenses will succeed on the merits. Instead, this Court finds that Plaintiff's motion does not meet the standard to strike an affirmative defense. The Court acknowledges that whether the asserted defenses are legally sufficient or are supported by evidence and raise a genuine issue of material fact for trial, or whether the Defendant will ultimately prevail in the action, are separate questions not properly decided under the vehicle of a motion to strike. The issues of validity and the merits of affirmative defenses should be handled in the normal litigation process and not with a motion to strike.

### IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends the Court **DENY** Plaintiff's *Motion to Strike*. [Dkt. 14.] Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections **within fourteen days after service** shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  23 MAY 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas R. Ruge
LEWIS & KAPPES PC
truge@lewis-kappes.com

Sergio Sarkany
U.S. DEPARTMENT OF JUSTICE
sergio.f.sarkany@usdoj.gov

5